IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JULIO CHRISTIAN,                      :
                                      :
         Plaintiff                    :
                                      :
     v.                               :  CIVIL NO. 3:CV-13-2432
                                      :
PENNSYLVANIA BOARD OF PROBATION       :  (Judge Conaboy)
AND PAROLE,                           :
                                      :
         Defendant                    :
_____

## MEMORANDUM
### Background

Julio Christian, an inmate presently confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania (SCI-Rockview) initiated this pro se civil rights action in the United States District Court for the Western District of Pennsylvania. Plaintiff's action was subsequently transferred to this Court. After being directed to do so, Plaintiff submitted an in forma pauperis application.

Named as sole Defendant in the Original Complaint is the Pennsylvania Board of Probation and Parole (Parole Board). Prior to screening of the Original Complaint, this Court issued an Order dated December 17, 2013 granting Plaintiff's motion seeking leave to file an amended complaint. See Doc. 12. The Order directed Christian to file a single, all inclusive, amended complaint solely regarding the allegations set forth in the Original Complaint.

1

Plaintiff was also advised that his amended complaint must be complete in all respects and must stand by itself without reference to the complaint or submissions already filed.[1] The Order further directed that the amended complaint should clearly identify each Defendant, set forth the factual substance underlying Plaintiff's claims in short, concise and legible statements, and specify the constitutional claims and relief being sought.

On December 30, 2013, Plaintiff filed a one (1) page "Notice of Amended Complaint" which states that the Commonwealth of Pennsylvania would be substituted as the sole Defendant in this matter and that he would be seeking declaratory and injunctive relief.[2] See Doc. 13-1. Along with the Notice, Christian also submitted a one (1) page "Amended Complaint" which consists of the following seven (7) single sentence paragraphs:

> 1. Official bad faith or harassment in enforcement of the statute or where other extraordinary circumstances justify federal relief.
>
> 2. That Judge was without jurisdiction to preside over his case.
>
> 3. That county had policy or custom, the execution of which resulted in Plaintiff's conviction and imprisonment.

---

[1] It was noted that Christian had not made any filing which could stand by itself as a proper amended complaint. See id. at p. 2.

[2] Based upon Plaintiff's filing, the claims against the Parole Board will be deemed withdrawn.

2

>     4.  That he will suffer irreparable damages and that he has no adequate remedy at law.
> 
>     5.  That Defendants acted under color of state law.
> 
>     6.  That the Justices or Judge acted outside their adjudicary [sic] capacity in issuing order and judgement [sic] in state court proceedings.
> 
>     7.  He is entitled to relief.

Doc. 13.

On January 2, 2014, Christian filed a request to withdraw ¶ 4 of his Amended Complaint. See Doc. 14. Plaintiff's request will be granted and ¶ 4 will be deemed withdrawn.

## **Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis under 28 U.S.C. § 1915, e.g., that the full filing fee ultimately must be paid (at least in a non-habeas suit) § 1915(e)(2)provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319,

3

327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit ... ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

The United States Court of Appeals for the Third Circuit has added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

**Commonwealth of Pennsylvania**

The sole Defendant listed in the Amended Complaint is the Commonwealth of Pennsylvania. The United States Supreme Court has ruled that a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978).

In Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989), the Supreme Court established that a state is not a persons subject to liability in § 1983 actions brought in federal

4

court. "Will establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." Howlett v. Rose, 496 U.S. 356, 365 (1990).

Pursuant to the above discussion, the Commonwealth of Pennsylvania is clearly not a properly named Defendant in this federal civil rights action and therefore entitled to entry of dismissal.[3]

**Habeas Corpus**

As previously discussed by this Court's December 17, 2013 Memorandum and Order, prisoners challenging the duration of their confinement or seeking earlier or speedier release must assert such claims in a properly filed habeas corpus action. Preiser v. Rodriguez, 411 U.S. 475 (1975), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir.), cert. denied 510 U.S. 920 (1993). Habeas corpus review allows a prisoner to challenge the execution of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

---

[3] It is equally apparent that the Amended Complaint filed in this matter fails to comply with the dictates of this Court's December 17, 2013 Memorandum and Order which clearly forewarned Plaintiff that the naming of a State or State agency as a defendant was improper. In addition Plaintiff failed to adhere with the directive that his Amended Complaint should set forth the factual substance underlying his claims in short, concise and legible statements, and specify the constitutional claims and relief being sought.

The vague claims set forth in the Amended Complaint indicate that Plaintiff is alleging that he was subject to either an unconstitutional state criminal conviction and/or attacking the duration of his current Pennsylvania state incarceration. This observation is bolstered by Plaintiff's assertion that he is only seeking injunctive and declaratory relief.

Accordingly, to the extent that Christian is seeking immediate or earlier release from confinement and/or challenging the legality of a state criminal prosecution/parole proceeding, such requests for injunctive relief are not properly asserted in a civil rights complaint under the standards announced in <u>Preiser</u> and <u>Leamer</u>. <u>See</u> generally <u>Georgevich v. Strauss</u>, 772 F.2d 1078, 1086 (3d Cir. 1985) (civil rights claims seeking release from confinement sound in habeas corpus). Likewise, a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable" in a § 1983 civil rights action. <u>Edwards v. Balisok</u>, 520 U.S. 641, 646 (1997).

Pursuant to the above discussion, the vague allegations set forth in the Amended Complaint are not properly asserted in a federal civil rights action. Rather, if Plaintiff wishes to attack the fact or duration of his ongoing Pennsylvania state confinement, his appropriate federal court remedy would be to seek federal habeas corpus relief. <u>See</u> <u>Leamer</u>, 288 F.3d at 540.

**<u>Conclusion</u>**

The Commonwealth of Pennsylvania is not a properly named defendant.  Second, since Plaintiff's vague allegations appear to challenge either the legality of his state criminal prosecution of the duration of his ongoing state imprisonment they are more appropriate for federal habeas corpus review and not properly asserted in a civil rights action.

Since Christian's Amended Complaint is "based on an indisputably meritless legal theory," his pending claims will be dismissed, without prejudice, as legally frivolous.  <u>Wilson</u>, 878 F.2d at 774.  Plaintiff may reassert his present claims in a properly filed federal habeas corpus action. An appropriate Order will enter.


<pre>
                         S/Richard P. Conaboy
                         RICHARD P. CONABOY
                         United States District Judge
</pre>

DATED: JANUARY 13, 2014